IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-01533-MJW

656 LOGAN STREET CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

OWNERS INSURANCE COMPANY,

Defendant.

---

VIDEOTAPED DEPOSITION OF: DANIEL FOSSEN
January 9, 2018

---

PURSUANT TO NOTICE, the videotape deposition of DANIEL FOSSEN was taken on behalf of the Plaintiff at 50 South Steele Street, Suite 480, Denver, Colorado 80209, on January 9, 2018, at 9:00 a.m., before Shauna T. Dietel, Registered Professional Reporter and Notary Public within Colorado.



EXHIBIT
B

A P P E A R A N C E S

For the Plaintiff:

LARRY E. BACHE, JR., ESQ.
JONATHAN E. BUKOWSKI, ESQ.
Merlin Law Group, P.A.
1001 17th Street, Suite 1150
Denver, Colorado 80202

For the Defendant:

MICHAEL D. BELLAMY, ESQ.
JOHN D. MERENESS, ESQ.
Gregory R. Giometti & Associates, P.C.
50 South Steele Street, Suite 480
Denver, Colorado 80209

Also Present:

Peter Guinn, Videographer

WHEREUPON, the following proceedings were taken pursuant to the Federal Rules of Civil Procedure.

* * * * *

THE VIDEOGRAPHER: Here begins the videotape deposition of Dan Fossen taken in the matter of Civil Action Number 1:17-cv-01533-MJW, 656 Logan Street Condominium Association, Incorporated, versus Owners Insurance Company, to be heard in the United States District Court for the District of Colorado.

The deposition is being held at Gregory R. Giometti & Associates, P.C., 50 South Steele Street, Suite 480, Denver, Colorado 80209. Today's date is January 9th, 2018, and the time is nine o'clock a.m.

The court reporter is Shauna Dietel, and the video specialist is Peter Guinn on behalf of Orange Legal.

Would counsel please introduce yourself, after which the court reporter will swear in the witness.

MR. BACHE: Yes, sir. Larry Bache and Jonathan Bukowski on behalf of the plaintiff 656 Logan Street.

MR. BELLAMY: Michael Bellamy and John

Mereness on behalf of Owners Insurance Company.

DANIEL FOSSEN,

having been first duly sworn to state the whole truth, testified as follows:

(Deponent's reply to oath: I do.)

EXAMINATION

BY MR. BACHE:

**Q Sir, good morning.**

A Good morning.

**Q My name is Larry Bache. I don't think I've ever met you before, have I?**

A No.

**Q All right. And is it my understanding that you have never sat for a deposition before?**

A That's correct.

**Q Okay. This can be somewhat of an intimidating process. It's not intended that way, but any time somebody is asking you questions, it's natural to feel that way. But you are represented by counsel, and I'm sure that you are prepared for this deposition.**

**Before we get started, did you have any additional questions for your counsel?**

A Nope.

**Q Okay. Have you ever read a recorded**

A The only thing that's coming to mind, I guess going back to the proof of loss as well, is just the terms and conditions of the policy, that they do have an obligation to report the claim timely and provide us with a proof of loss.

**Q Okay. But I -- I'm trying to make sure I understand what the basis of the denial is. You didn't deny -- strike that.**

**Did you deny any portion of this claim as a result of the insured's failure to submit a proof of loss?**

A I mean, with the -- not -- them not complying with the terms and conditions of the policy, and -- and so, I guess, there was never a specific coverage position letter that went out when I was handling the claim. But I -- I -- as far as not complying with the terms and conditions of the policy.

**Q Okay. What specific terms and conditions -- I'm sorry. Strike that.**

**It's my understanding that Auto-Owners is denying this claim because it's Auto-Owners' position, based on the Rimkus report, that the hail damages that were identified were the result of a storm that post-dated the policy period.**

MR. BELLAMY: Object --

**Q (BY MR. BACHE) -- am I correct in that?**

MR. BELLAMY: Objection to form.

A That would be a portion of it.

**Q (BY MR. BACHE) -- am I correct in that?**

A The other portion was, you know, again, the the wear and tear that had happened to the building. We weren't going to pay for the wear and tear and then the late reporting, not complying with the policy conditions.

**Q Okay. Now, I don't believe you have the benefit of your full file with you today. I do have some documents. Is there any -- do you recall any correspondence where Auto-Owners advised the insured that they were denying the claim as a result of any failure to comply with the duties in the event of loss provision in the policy?**

A I don't believe there was ever a denial of the claim. There was a reservation -- two reservation of rights letters that were sent.

**Q Okay. So the reservation of rights letters. Now, you also issued an interoffice memorandum, correct?**

A That's correct.

**Q Okay. And you identified hail damage to**